FILED

MAR 16 2015

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ISMAEL HERNANDEZ,<br>522 Kenyon St., NW<br>Washington, DC 20010<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHOP STICKS, INC.<br>d/b/a HASHI SUSHI GEORGETOWN<br>1073 Wisconsin Ave NW<br>Washington, DC 20007<br><br>JOO HOON LEE<br>2251 Pimmit Drive, #307<br>Falls Church, VA 22043<br><br>YOON MEE LEE<br>2251 Pimmit Drive, #307<br>Falls Church, VA 22043<br><br>　　　　Defendants. | Case: 1:15-cv-00377<br>Assigned To : Leon, Richard J.<br>Assign. Date : 3/16/2015<br>Description: Labor-ERISA (K) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Ismael Hernandez brings this collective action against Chop Sticks, Inc., the corporate owner of Hashi Sushi Georgetown, and its owners, Joo Hoon Lee, *a.k.a.* Carl Lee, and Yoon Mee Lee (collectively, "Defendants") by his undersigned counsel on behalf of himself and all others similarly situated to recover unpaid wages, overtime compensation, and damages under the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C.A. § 201 *et seq.* and the D.C. Minimum Wage Act (the "DCMWA"), D.C. Code § 32-1003(c), and alleges as follows:

## PARTIES

RECEIVED

FEB 25 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1. Plaintiff Ismael Hernandez ("Mr. Hernandez" or "Plaintiff") was employed by Defendants as a dishwasher from in and around May, 2009, to in and around October 26, 2014.

2. Class members are all others similarly situated to Plaintiff who were non-exempt employees of Defendants who were paid wages by Defendants during the period from in and around May, 2009, to in and around October 26, 2014.

3. Defendant Chop Sticks, Inc., ("the Restaurant") is a restaurant in the District of Columbia operating under the name "Hashi Sushi Georgetown".

4. Defendant Joo Hoon Lee is a co-owner of the Restaurant.

5. Defendant Yoon Mee Lee is a co-owner of the Restaurant.

6. At all times relevant to this action, Defendants were responsible for keeping and maintaining all employment records relating to Plaintiff or caused such records to be kept or maintained. FLSA, 29 U.S.C. § 211(c); DCMWA, § 32-1008.

7. At all times relevant to this action, Defendants were engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b).

8. At all times relevant to this action, Defendants were employers of Plaintiff within the meaning of the FLSA, 29 U.S.C § 203(d), and the DCMWA, § 32-1002(a), (b), & (c).

9. At all times relevant to this action, Defendants "employed" Plaintiff and all others similarly situated within the meaning of the FLSA. 29 U.S.C. § 203(g).

10. At all times relevant to this action, Plaintiff and all others similarly situated were employees within the meaning of the FLSA, 29 U.S.C. § 203(e), were employed in the District of Columbia within the meaning of the DCMWA, § 32-1003(b), were not exempt from the FLSA's maximum hour provisions, 29 U.S.C § 207(a), and were not exempt from the DCMWA's maximum hours provisions, § 32-1003(c).

11. Plaintiff hereby consents to being a party plaintiff in this action.

## JURISDICTION AND VENUE

12. This Court has original federal question subject matter jurisdiction over Count I pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action arises under the FLSA, which is a law of the United States. This Court has supplemental jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

13. Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b)(2) because all of Defendants' actions giving rise to the claims alleged herein occurred in the District of Columbia.

## FACTS

14. In or around May, 2009, Plaintiff was hired by Defendants and began working as a dishwasher at the Restaurant.

15. From in or around May, 2009, to in or around May, 2012, Plaintiff regularly worked six (6) days per seven-day period for approximately ten (10) hours per day, for a total of sixty (60) hours per seven-day period.

16. From in or around May, 2012, to in or around October, 2014, Plaintiff regularly worked six (6) days per seven-day period for approximately ten (10) hours per day on five days and for five (5) hours on the sixth day, for a total of fifty-five (55) hours per seven-day period.

17. Plaintiff and Defendants agreed to an initial pay rate for Plaintiff of $440 per seven-day period.

18. Defendants did not pay Plaintiff the full amount of the minimum wage of Seven Dollars and Fifty-Five Cents ($7.55) that he was owed under the FLSA and the DCMWA for his work in 2009. 29 U.S.C. § 206(a)(1)(C), D.C. Code § 32-1003(a)(1).

19. Beginning in or around April, 2010, Plaintiff was paid $450 for every sixty (60) hour week, equivalent to hourly wages of $7.50.

20. Beginning in or around July, 2010, Plaintiff was paid $470 for every sixty (60) hour week, equivalent to hourly wages of $7.83.

21. Defendants did not pay Plaintiff the full amount of the minimum wage of Seven Dollars and Fifty-Five Cents ($7.55) that he was owed under the FLSA and the DCMWA for his work between January 1, 2010 and July 23, 2010. 29 U.S.C. § 206(a)(1)(C), D.C. Code § 32-1003(a)(1).

22. Defendants did not pay Plaintiff the full amount of the minimum wage of Eight Dollars and Twenty-Five Cents ($8.25) that he was owed under the FLSA and the DCMWA for his work between July 24, 2010 and December 31, 2010. 29 U.S.C. § 206(a)(1)(C), D.C. Code § 32-1003(a)(1).

23. In or around April, 2011, Plaintiff received a pay raise to the rate of $495 per seven-day period, equivalent to hourly wages of $8.25.

24. In or around May, 2012, when Plaintiff began working fifty-five (55) hours per week, his equivalent hourly wage increased thereby to $9.00.

25. In or around February, 2013, Plaintiff received a pay raise to the rate of $550 per seven-day period, equivalent to hourly wages of $10.00.

26. In or around May, 2014, Plaintiff received a pay raise to the rate of $570 per seven-day period, equivalent to hourly wages of $10.36.

27.     At no point during the time that Plaintiff was employed by Defendants did Defendants pay Plaintiff overtime compensation of one and one-half (1½) times his average hourly rate for any of the hours to which he was entitled for every hour that he worked over forty hours in a seven-day period.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

28.     Plaintiff and the class members are current and former workers employed by Defendants at any time since May, 2009.

29.     Plaintiff and those similarly situated to him have been subjected to the same pay practices or policies by Defendants in that they have been paid with a weekly lump-sum payment that failed to compensate Plaintiff and those similarly situated at the rate of one and one-half (1½) times their regular rate of pay for hours worked each week in excess of forty (40) as required by the FLSA and the DCMWA. 29 U.S.C. § 207; D.C. Code § 32-1003(c).

30.     Plaintiff and those similarly situated have not performed work that is exempt from the minimum wage or overtime compensation requirements of the FLSA or the DCMWA.

31.     The policies and compensation practices perpetrated commonly and uniformly by Defendants, identified herein, were applicable to Plaintiff and all the class members.

32.     Application of these policies and compensation practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or compensation practices which resulted in the non-payment of required minimum wages and overtime compensation to Plaintiff apply to all class members.

33.     After another employee of Defendants brought suit against Defendants for wage and hour violations, Defendants asked their employees, including Plaintiff, for the address of this other employee so that Defendants could call Immigration and Customs Enforcement officials

and report the other employee. Plaintiff and similarly situated employees understood this to mean that Defendants were threatening arrest and deportation in retaliation for attempts to enforce wage and hour laws and fraudulently suggesting that enforcement of wage and hour laws would be grounds for arrest or deportation.

34. Upon information and belief, Defendants knowingly, willfully or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

## EQUITABLE ESTOPPEL OR EQUITABLE TOLLING

35. At no time during the course of Plaintiff's employment with Defendants did Defendants post a notice explaining to employees the provisions of the Fair Labor Standards Act in regards to the federal minimum wage or overtime provisions as required by 29 C.F.R. § 516.4.

36. At no time during the course of Plaintiff's employment with Defendants did Defendants post in a conspicuous and accessible place any of the applicable postings or literature explaining to employees the provisions of the District of Columbia Minimum Wage Act in regards to the local minimum wage or overtime provisions as required by DCMR Rule 7-912.1.

37. Defendants threatened to cause the arrest and deportation of any employee who sought to use judicial proceedings to enforce wage and hour laws against Defendants.

38. Defendants' threats and fraudulent statements, described in paragraphs 33 and 37, constituted egregious misconduct that wrongfully induced Plaintiff and similarly situated employees to refrain from commencing legal action against Defendants until now and Defendants should, therefore, be equitably estopped from asserting the statute of limitations as a defense. This tolling of the statute of limitations should extend to the date of the last time Defendants so threatened Plaintiff.

39.     The intentional omissions, described in paragraphs 35 and 36, to post required notices constitute both attempts to conceal the very existence of a cause of action and inequitable treatment of Plaintiff by Defendants and, therefore, warrant equitable estoppel precluding Defendants from invoking the statute of limitations on all claims Plaintiff makes herein.

40.     The intentional omissions, described in paragraphs 35 and 36, to post required notices also or alternatively constitute extraordinary circumstances, beyond Plaintiff's control, that kept Plaintiff, despite his diligence, from learning that he had a cause of action and therefore warrant equitable tolling of any statute of limitations provisions covering Plaintiff's employment by Defendants.

## CAUSES OF ACTION

### Count I

### (FLSA Overtime Violations)

41.     Plaintiff re-alleges and incorporates each and every allegation set forth in Paragraphs 1-40 above.

42.     Defendants violated the FLSA by knowingly failing to pay one and one-half (1½) times the average rate of pay of Plaintiff and all others similarly situated for hours they worked in excess of forty hours in a seven-day period, in violation of 29 U.S.C. § 207(a)(1).

43.     Defendants' violations of these FLSA overtime provisions were repeated, willful, and intentional.

44.     Defendants are liable to Plaintiff and all others similarly situated for, *inter alia*, their unpaid overtime compensation, liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (DCMWA Overtime Violations)

45. Plaintiff re-alleges and incorporates each and every allegation set forth in Paragraphs 1-44 above.

46. Defendants violated the DCMWA by knowingly failing to pay one and one-half (1½) times the regular rate at which Plaintiff and all others similarly situated were employed for hours they worked in excess of forty (40) hours in a seven-day period, in violation of D.C. Code § 32-1003(c).

47. Defendants' violations of these DCMWA overtime provisions were repeated, willful, and intentional.

48. Defendants are liable to Plaintiff for, *inter alia*, the amount of the unpaid wages, an additional amount as liquidated damages, reasonable attorneys' fees and costs of the action pursuant to D.C. Code § 32-1012(a) & (c).

## COUNT III

### (DCMWA Minimum Wage Violations)

49. Defendants violated the DCMWA by knowingly failing to pay Plaintiff and all others similarly situated at least the greater of "$6.60 an hour, or the minimum wage set by the United States government pursuant to the Fair Labor Standards Act (29 U.S.C. § 206 et seq.) ('Fair Labor Standards Act'), plus $1". D.C. Code § 32-1003(a)(1).

50. Defendants' violations of the DCMWA minimum wage requirements were repeated, willful, and intentional.

51.  Defendants are liable to Plaintiff for, *inter alia*, his unpaid wages and costs, and equal amount in liquidated damages,29 and reasonable attorneys' fees incurred in the maintenance of this action pursuant to D.C. Code § 32-1012(a) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendants, Chop Sticks, Inc., Joo Hoon Lee, and Yoon Mee Lee, and in favor of Plaintiff, Ismael Hernandez, and all others similarly situated as follows:

A.  Declare Defendants' conduct to be a violation of the FLSA and the DCMWA;

B.  Enjoin Defendants from engaging in future illegal wage practices;

C.  Determine the damages sustained by the Plaintiff and all others similarly situated as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a)(1) and D.C. Code § 32-1003(a)(1) & (c), and award such unpaid overtime compensation and minimum wages against Defendants and in favor of Plaintiff and all others similarly situated;

D.  Award such liquidated damages in an equal amount to unpaid overtime compensation and minimum wages pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(a), plus such pre-judgment interest as may be allowed by law, against Defendants and in favor of Plaintiff and all others similarly situated;

E.  Award against Defendants Plaintiff and all others similarly situated all attorneys' fees and costs associated with this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c); and

F.  Grant Plaintiff and all others similarly situated such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 25, 2015

Respectfully submitted,

/s/ Dennis A. Corkery
Dennis A. Corkery (D.C. Bar No. 1016991)
Matthew K. Handley (D.C. Bar No. 89946)
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
11 Dupont Circle, Suite 400
Washington, DC 20036
Phone: (202) 319-1000
Email: dennis_corkery@washlaw.org

*Counsel for Plaintiff*